# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM CUMBERLAND, III, and ) <br> WILLIAM CUMBERLAND, JR., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> NATIONWIDE MUTUAL INSURANCE ) <br> COMPANY and WOTTOWA ) <br> INSURANCE AGENCY, INC., ) <br> ) <br> Defendants. ) | Case No. 09-cv-0091-MJR |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

### I. Procedural and Factual Background

On December 26, 2008, William Cumberland, III, and William Cumberland, Jr., (the "Cumberlands") sued Nationwide Mutual Insurance Company ("Nationwide") and Wottowa Insurance Agency, Inc., ("Wottowa") in the Circuit Court of St. Clair County, Illinois. In Count I, the Cumberlands allege that they purchased commercial insurance from Nationwide, which was in effect when their business premises suffered a fire that caused substantial damage. The Cumberlands submit that Nationwide breached the commercial insurance policy by vexatiously and unreasonably denying their claim. In Count II, the Cumberlands incorporated their previous allegations and added a claim that Wottowa, as Nationwide's duly authorized agent, acted as Nationwide's alter ego for purposes of the issuance of the insurance policy and for purposes of the denial of loss.

On February 3, 2009, Nationwide, with Wottowa's consent, removed the action to this Court, invoking subject matter jurisdiction under the federal diversity statute, **28 U.S.C. § 1332**. Two days later, after conducting threshold review, the undersigned Judge raised a jurisdictional

concern and directed the parties to file briefs. The problem flagged by the Court was that Nationwide's removal notice asserted that Wottowa was fraudulently joined and that the citizenship of Wottowa must be disregarded for this reason. The parties filed their briefs on February 23 and March 2, 2009.

Section 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000, and the action is between citizens of different states. The party invoking federal jurisdiction bears the burden of demonstrating that all jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)**.

On March 2, 2009, the Cumberlands moved the Court to remand the case to state court (Doc. 13). They contend that remand is appropriate because neither diversity jurisdiction nor federal question jurisdiction exists with regard to this proceeding.

## II. Analysis

Courts presume a plaintiff's choice of forum is valid and resolve all doubts regarding jurisdiction in favor of remand. ***See Doe v. Allied-Signal Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**. When a defendant removes a case to a federal district court pursuant to **28 U.S.C. § 1441(a)**, the federal court must be able to exercise original jurisdiction over the matter. ***See* 28 U.S.C. § 1441(a)(1)**. Under **28 U.S.C. § 1332(a)**, the federal district courts have original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. **28 U.S.C. § 1332(a)**. If either requirement of diversity jurisdiction is lacking, the court must remand the case. **28 U.S.C. § 1447(c).**

A party seeking to invoke federal diversity jurisdiction may prevent remand by offering "competent proof" that the jurisdictional requirements are met. ***See Chase,* 110 F.3d at 427**.

"Competent proof means 'proof to a reasonable probability that jurisdiction exists.'" ***Rexford Rand Corp. v. Ancel,* 58 F.3d 1215, 1218 (7th Cir. 1995),** *quoting **NLFC, Inc. v. Devcom Mid-America, Inc.,* 45 F.3d 231, 237 (7th Cir.),** *cert. denied,* **515 U.S. 1104 (1995).** Here, then, the burden rests upon Nationwide, as the party seeking to invoke federal jurisdiction, to offer proof to a reasonable probability that the amount in controversy exceeds $75,000 and that diversity of citizenship exists.

### A. <u>Amount in controversy</u>

The Cumberlands contend that their Complaint alleges that they "incurred in excess of <u>$50,000.00</u> in damages as a result of a fire" (emphasis in original), intimating that the amount in controversy requirement is not met. The Cumberlands do not develop this argument, but since it was raised and Nationwide responded to it, the Court will consider it.

The face of the plaintiff's complaint supplies the starting point in determining the amount in controversy. ***Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993)**. The amount in controversy is determined by evaluating the plaintiff's complaint "and the record as a whole." ***Schimmer v. Jaguar Cars, Inc.,* 384 F.3d 402, 404 (7th Cir. 2004),** *citing **Uhl v. Thoroughbred Tech. & Telecommunications, Inc.,* 309 F.3d 978, 983 (7th Cir. 2002)**. *Accord **Gould v. Artisoft, Inc.,* 1 F.3d 544, 547 (7th Cir. 1993)(Generally, to determine amount in controversy in removal cases, the court looks "at plaintiff's state court complaint, along with the record as a whole.")**.

The Cumberlands' complaint prays for relief in excess of $50,000 against each Defendant. In calculating the jurisdictional amount, damages asserted in different claims can be aggregated. ***Herremans v. Carrera Designs, Inc.,* 157 F.3d 1118, 1121 (7th Cir. 1998)**. It is not clear whether the claims against each Defendant represent alternative grounds for recovery of the

-3-

same compensatory damages or separate claims that would potentially double the Cumberlands' recovery.

However, paragraph 18 of the Cumberlands' complaint sheds light on the question of what amount is needed to satisfy their demands. Specifically, they assert that Defendants' unreasonable denial of their insurance claim caused them to sustain property damage in excess of $100,000 plus loss of past and future income, tear-down and clean-up costs, and other damages. As a result, although Plaintiffs' claim for relief is "in excess of $50,000," their laundry list of damages makes it clear to a reasonable probability that – considering *all* of those elements of recovery – the total sought by the Cumberlands exceeds $75,000. In sum, the amount in controversy requirement is met.

### B. Diversity of Citizenship

As required by **28 U.S.C. § 1332**, complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997)**. Here, it is undisputed that both the Cumberlands and Wottowa are citizens of Illinois. Nationwide claims that Wottowa was fraudulently joined.

Fraudulent joinder is joinder solely to defeat federal jurisdiction. ***Schwartz v. State Farm Mut. Auto Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999),** *quoting* ***Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)("Such joinder is considered fraudulent, and is therefore disregarded, if the out-of-state-defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'"))**. The Court in *Poulos* went on to state that:

> Out-of-state defendants seeking removal to federal district court face a very high hurdle in proving fraudulent joinder of nondiverse defendants: An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant. **959 F.2d at 73.**

The Cumberlands' first argument - that Wottowa is Nationwide's alter ego for purposes of doing business in the state of Illinois - fails because it is based on a misconception. The Cumberlands submit that Nationwide is not authorized to transact business in the state because it is not listed on the website for the Illinois Secretary of State and has no registered agent in Illinois.

Nationwide operates under the Illinois Insurance Code and not under the Illinois Business Corporation Act, which excludes insurance companies from procuring authority to transact business in the state. **805 ILCS 5/13.05**.[1] Insurance companies must apply to the Director of Insurance to procure a certificate of authority to transact business in Illinois. **215 ILCS 5/109**. The Director of Insurance also acts as "the true and lawful attorney of such company upon whom all lawful process in any action or legal proceeding against it may be served...." **215 ILCS 5/112**. As a result, Nationwide transacts its business under the authority of the Illinois Insurance Code. It is not a company that would be listed on the Illinois Secretary of State's website and would have no registered agent for service other than the Director of Insurance. Accordingly, the Cumberlands

---

[1] "Except as provided in Article V of the Illinois Insurance Code, a foreign corporation organized for profit, before it transacts business in this State, shall procure authority so to do from the Secretary of State. A foreign corporation organized for profit, upon complying with the provisions of this Act, may secure from the Secretary of State the authority to transact business in this State, but no foreign corporation shall be entitled to procure authority under this Act to act as trustee, executor, administrator, administrator to collect, or guardian, or in any other like fiduciary capacity in this State or to transact in this State the business of banking, insurance, suretyship, or a business of the character of a building and loan corporation." **805 ILCS 5/13.05**.

cannot establish on this basis that Wottowa acted as Nationwide's alter ego.

The Cumberlands next argue that Wottowa provided information to Nationwide's attorneys that led to denial of the Cumberlands' claim. In support of this contention, the Cumberlands submit William Cumberland's deposition in which Cumberland responded to a line of questions by Nationwide's counsel. Doc. 14-2. Nationwide's counsel asked Cumberland how long prior to the fire Cumberland had met with John Wottowa and how often they met to review his coverage. Cumberland indicated that he was not sure, possibly once a year and possibly over the phone rather than face-to-face. Nationwide's counsel then asked Cumberland if he was aware that, according to Wottowa, they had only reviewed his coverage face-to-face once in 13 years - shortly before the fire. Nationwide's counsel continued, "Now it's my understanding that also on the Thursday prior to the fire, you inquired about the status of your insurance and wanted to pay your premiums even though they weren't due[.]" Cumberland responded that he believed his premiums were due and that he had also gone to Wottowa's office to pay his son's vehicle insurance. He said that he frequently called Wottowa and inquired, "Everything OK? You guys getting your premiums all right?"

Nationwide responds that John Wottowa is a witness rather than a decision-maker. According to Nationwide, Wottowa provided information as part of the claims investigation process, but he had nothing to do with the decision to deny coverage.

It is Nationwide's burden - "a very high hurdle" - to show that, resolving all issues of fact and law in the Cumberlands' favor, the Cumberlands cannot establish a cause of action against Wottowa. *See Poulos,* **959 F.2d at 73**. Resolving in the Cumberlands' favor the issue of whether Wottowa merely provided information as part of the claims investigation process or whether he had

a role in the decision to deny coverage, the Court finds that Nationwide has failed to meet this burden. As a result, the Court concludes that the Cumberlands could establish a cause of action against Wottowa and that there is a reasonable possibility that a state court would rule against him.

Stated simply, Nationwide has not met its burden of establishing that Wottowa was fraudulently joined. This Court lacks subject matter jurisdiction, **GRANTS** the Cumberlands' March 2, 2009 remand motion (Doc. 13), and **REMANDS** this case to the Circuit Court of St. Clair County, Illinois. Defendant Wottowa's motion to dismiss (Doc. 11) is **DENIED as moot**. The Court **DECLINES** to award the Cumberlands – under **28 U.S.C. § 1447(c)** – costs, expenses and attorney's fees because Nationwide's removal did not lack an objectively reasonable basis. *See Martin v. Franklin Capital Corp.,* **546 U.S. 132 (2005)**.

       **IT IS SO ORDERED.**

       **DATED this 30th day of April, 2009**

                                    <u>s/Michael J. Reagan</u>
                                    **MICHAEL J. REAGAN**
                                    **United States District Judge**